# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL AMIR HALL,                     )<br>                                                           )<br>                      Petitioner,       )<br>                                                           )<br>v.                                                        )       Case No. CIV-25-00518-JD<br>                                                           )<br>MICHAEL MILLER, Warden, and   )<br>ALLEN GAMBLE CORRECTIONAL, )<br>                                                           )<br>                     Respondents.      ) | |

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Amanda L. Maxfield on July 7, 2025. [Doc. No. 8]. For the reasons outlined below, the Court accepts the R. & R. and dismisses the petition with prejudice.

Petitioner Michael Amir Hall ("Petitioner") initiated this habeas action under 28 U.S.C. § 2254. [Doc. Nos. 1, 6]. In accordance with 28 U.S.C. § 636, the Court referred the case to Judge Maxfield for preliminary review. [Doc. No. 4]. Judge Maxfield performed preliminary screening of the case. [Doc. No. 8 at 1–2].[1] The R. & R. recommends dismissing Petitioner's petition as time-barred. [*Id.* at 1].

The R. & R. concluded that Petitioner did not timely file his habeas petition. [*Id.* at 6–7]. The R. & R. also concluded that "Petitioner has not argued that equitable tolling should apply, nor has he alleged extraordinary circumstances suggesting that equitable

---

[1] In this Order, the Court uses page numbering from the CM/ECF stamp at the top of the filing on the district court docket.

tolling is appropriate." [*Id.* at 7]. In light of these conclusions, the R. & R. also recommends denying Petitioner's Motion to Stay Proceedings So Petitioner Can Exhaust State Remedies as moot. [*Id.*].

The R. & R. advised Petitioner of his right to object by July 28, 2025, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 8]. Petitioner timely objected to the R. & R. [Doc. No. 9].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. The Court reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). When an objection is improper (objections that are not timely or specific), the Court may review the R. & R. under any standard it deems appropriate. *Cisneros v. Gomez*, No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991)); *cf. 2121 E. 30th St.*, 73 F.3d at 1060–61 (explaining that the district court's decision to conduct a de novo review "does not warrant lifting the bar of appellate review"). The Court will construe Petitioner's objections liberally because he is proceeding *pro se*, but the Court cannot serve as

Petitioner's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Petitioner does not object to the R. & R. on any specific factual or legal grounds. [*See* Doc. No. 9]. Instead, Petitioner presents a conclusory objection and requests that the Court stay the proceedings so that he may exhaust his remedies in state court or dismiss the petition without prejudice so that he can amend the petition to include grounds he failed to include in this petition. [*Id.* at 1]. Because Petitioner does not make a specific objection to any of the R. & R.'s findings or legal recommendations, Petitioner has not preserved any issue for de novo review by this Court or for appellate review. *See 2121 E. 30th St.*, 73 F.3d at 1060. Petitioner has not focused the Court's attention on any findings or recommendations made by Judge Maxfield regarding the background of his proceedings or calculations regarding timeliness of his federal petition under AEDPA or tolling. Under these circumstances, the waiver rule applies, and the interests of justice do not warrant review.

Alternatively, even if Petitioner's objection were to require additional review by this Court, under a de novo review of the record, the Court concludes Judge Maxfield correctly determined that Petitioner did not timely file his habeas petition and that his petition is untimely and not subject to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding the litigant seeking equitable tolling bears the burden). Accordingly, staying the case to allow Petitioner to exhaust his administrative remedies would be futile, and the R. & R. correctly recommends that the Court deny Petitioner's Motion to Stay Proceedings So Petitioner Can Exhaust State Remedies as moot.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must

issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met. *See id.* at 484–85. Because Petitioner has not made the required showing, the Court declines to issue a certificate of appealability.

For the reasons outlined above, the Court ACCEPTS the R. & R. and DISMISSES Petitioner's petition with prejudice.[2] The Court DENIES Petitioner's Motion to Stay Proceedings So Petitioner Can Exhaust State Remedies [Doc. No. 7] as moot. The Court DENIES a certificate of appealability.

IT IS SO ORDERED this 12th day of September 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] *See Taylor v. Martin*, 757 F.3d 1122, 1123 (10th Cir. 2014) (denying a certificate of appealability and dismissing the appeal where the district court dismissed with prejudice untimely § 2254 habeas petition); *see also McDowell v. Zavaras*, 417 F. App'x 755, 756–57 (10th Cir. 2011) (unpublished) (explaining that a habeas petition "denied as time-barred" is "a dismissal . . . on the merits") (citing cases); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (unpublished) ("Dismissal of a petition as time barred operates as a dismissal with prejudice.").